# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| LUCIA MACK, in her own capacity and as natural guardian of a minor, K.M., | ) ) ) | CASE NO. 1:17-cv-0241 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | **MEMORANDUM OPINION** |
| SOLON CITY SCHOOL DISTRICT BOARD OF EDUCATION, | ) ) ) | **AND ORDER** |
| DEFENDANT. | ) | |

Before the Court are two related motions: the motion for partial judgment on the pleadings filed by defendant Solon City School District Board of Education ("the School") (Doc. No. 24 ["motion for partial judgment"]), and the motion for leave to amend the complaint filed by plaintiff Lucia Mack ("Mack") (Doc. Nos. 27 & 31 ["motion to amend"]). For the reasons set forth herein, the motion to amend is denied, and the Court will require completion of the briefing on the motion for partial judgment.

## I. PROCEDURAL BACKGROUND

This case was filed on February 6, 2017, asserting claims under the Individuals with Disabilities Education Act, 20 U.S.C. § 1415 ("IDEA"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a) ("§ 504"), and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"). (Doc. No. 1 ["complaint"].) The case was originally assigned to another judicial officer but was transferred to the undersigned as related to another case.[1]

---

[1] *See*, Case No. 5:16-cv-2847, *Solon City Sch. Dist. Bd. of Educ. v. Wallace*, which has been stayed pending resolution of the instant case.

The complaint generally alleges that K.M., a minor who allegedly suffered a series of both school-related and non-school-related concussions that allegedly rendered her disabled, was denied a free appropriate public education ("FAPE") under the relevant statutes, and was also discriminated against and retaliated against by defendant.

Immediately following the filing of the answer, the case management conference ("CMC") was scheduled. The Report of Parties' Planning Meeting (Doc. No. 16 ["Report"]) revealed the parties' distinctly different views regarding the scope of the case, with the School asserting that it is purely a judicial review of an administrative decision and Mack asserting that it is some sort of hybrid, including both an administrative review and stand-alone disability claims that entitle plaintiff to conduct discovery. During the CMC, the Court directed briefing on the permissibility of discovery; that briefing was completed on May 30, 2017. Subsequently, any ruling with respect to discovery was ordered stayed pending resolution of the two instant motions. (*See* Doc. No. 28.)

On June 12, 2017, the School filed its motion for partial judgment, seeking judgment in its favor on Count II (retaliation under § 504, ADA, IDEA), Count IV (discrimination under § 504), and Count V (denial of FAPE under § 504). In response, on July 11, 2017, Mack filed her motion to amend, claiming that, by amending to add "additional causes of action, at least one additional party, and an additional remedy" (*id*. at 403[2]), all the matters in the motion for partial judgment would "likely [be] resolve[d.]" (*Id.*) The motion to amend offered no authority under the federal rules to justify its filing *in lieu of* a response to the motion for partial judgment,[3] and no response

---

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

[3] Rule 15(a)(1)(B) would permit amending once as a matter of course within 21 days of service of a Rule 12(b), (e), or (f) motion. But the instant motion was filed under Rule 12(c) and after the answer was already filed. Therefore, even though Mack was permitted to file a motion for leave to amend, she *should* have also timely filed her opposition to the motion for partial judgment, or sought leave for an extension. She has impermissibly (and unsuccessfully) blended these procedural mechanisms.

2

to the motion for partial judgment has yet been filed, despite the passage of almost six months and the fact that no extension has been sought or granted.

There was no proposed amended complaint supplied with the motion to amend. Although that would have been sufficient grounds to deny the motion outright,[4] the Court directed Mack to file a supplement including the proposed amended complaint. That was accomplished as of July 21, 2017. (*See* Doc. No. 31-1 ["proposed amended complaint"].)[5] The School has opposed the motion to amend (Doc. No. 32 ["Opp'n"]) and Mack replied (Doc. No. 34 ["Reply"]).

The Court herein resolves only the motion to amend and will permit completion of briefing on the motion for partial judgment.

## II. DISCUSSION

After a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. But "the right to amend is not absolute or automatic." *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 551 (6th Cir. 2008) (citations omitted). "Factors that may affect that determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008) (citation omitted).

---

[4] *See Alexander v. Eagle Mfg. Co., LLC*, No. 16-6604, 2017 WL 4900457, at * 5 (6th Cir. Oct. 31, 2017) ("Normally, a party seeking an amendment should attach a copy of the amended complaint.") (quoting *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014)).

[5] In the meantime, the Court also ordered "repair" of the deficient administrative record that had been supplied for purposes of the administrative review. (*See* Orders, Doc. Nos. 29 & 30.) That process was satisfactorily concluded as of August 31, 2017.

In this case, although the School opposes the motion to amend on grounds of undue delay, substantial prejudice, and futility, the Court is primarily concerned about futility. The motion for partial judgment argues for dismissal of the claims of retaliation under § 504, the ADA, and the IDEA (Count II), discrimination under § 504 (Count IV), and denial of FAPE under § 504 (Count V) due to Mack's failure to allege facts in support of the specific elements of those claims, or, in the alternative, for failure to exhaust the necessary administrative remedies as to those claims. Although the motion to amend asserts that the proposed amended complaint "will likely resolve all matters raised" in the motion for partial judgment (Motion to amend at 403), the Court does not see it that way.

The original complaint, which borders on being a legal brief, is not a model of clarity and is certainly not "a short and plain statement of the claim[,]" as required by Fed. R. Civ. P. 8(a). The proposed amended complaint is even worse. Whereas the original complaint consists of 180 paragraphs, the proposed amended complaint has 332. Rather than remove or improve the three counts challenged by the motion for partial judgment, the proposed amended complaint simply *enlarges* them with over 100 additional factual allegations that are clearly not newly discovered, without addressing the deficits identified by the School and without providing any reason why these belated allegations could not have been incorporated in the original complaint. Plus the proposed amended complaint adds additional claims against the School (relating to alleged bullying of K.M.) and a new claim against a new party, the Ohio Department of Education ("ODE"). The latter alleges that the ODE generally appoints hearing officers who do not possess the minimum requirements for that role. This new claim, as properly pointed out by the School, should be litigated (if at all) separate and apart from the instant action.

Although the Court is not determining now whether the School's arguments in the motion for partial judgment have merit, it does note that the very same arguments (and more) can be directed at the proposed amended complaint, which clearly does *not* "resolve all matters raised" in the motion for partial judgment, and, in fact, significantly broadens the scope of this litigation (perhaps impermissibly). There is no point in permitting an amendment that does not resolve, but rather expands, the possible deficiencies in the original complaint.

### III. CONCLUSION

For the reasons set forth herein, Mack's motion for leave to amend the complaint (Doc. No. 27) is denied. Further, any opposition to the School's motion for partial judgment on the pleadings (Doc. No. 24) shall be filed by January 12, 2018, and any reply shall be filed by January 22, 2018. No extensions of this briefing schedule will be permitted and none shall be sought.

**IT IS SO ORDERED**.

Dated: December 28, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**